UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 25-80192-CIV-CANNON/McCabe

SAEED AZAM,

      Plaintiff,

v.

PALM BEACH COUNTY,

      Defendant.

_____/

**ORDER ACCEPTING IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND PERMITTING FINAL REPLEADING**

**THIS CAUSE** comes before the Court upon Magistrate Judge McCabe's Report and Recommendation [ECF No. 16] on Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 12 (Motion to Dismiss); ECF No. 8 (Amended Complaint)]. The Report recommends that the Motion to Dismiss be denied as to Counts I, II, and III, because they state plausible claims for relief and Plaintiff properly exhausted administrative remedies for Count III. Separately, the Report recommends that the Motion be granted as to Counts IV and V because Plaintiff has not plausibly stated claims for relief [ECF No. 16]. On those latter counts, the Report recommends dismissal with prejudice, citing Plaintiff's prior opportunity to amend [ECF No. 16]. Plaintiff filed limited Objections to the Report's recommendation to dismiss Counts 4 and 5 with prejudice and requests the opportunity to file a second amended complaint on those counts [ECF No. 17]. Defendant did not respond to Plaintiff's Objections but did file a Notice of Non-Objection to the Report [ECF No. 18].

CASE NO. 25-80192-CIV-CANNON/McCabe

Upon full examination, the Report is **ACCEPTED IN PART**; Counts 4 and 5 are dismissed **WITHOUT PREJUDICE** to Plaintiff to file one **final** amended pleading in this action due no later than **June 27, 2025**.

## BACKGROUND

Plaintiff initiated this employment-discrimination suit in state court in January 2025, alleging that Defendant discriminated against him in violation of the following statutes:

- Discrimination based on race and color in violation of the Florida Civil Rights Act ("FRCA"), Fla. Stat. § 760.01 *et seq.* (Count I);

- Discrimination based on national origin in violation of FRCA (Count II);

- Discrimination based on religion in violation of FRCA (Count III);

- Hostile work environment based on race, color, national origin, and religion in violation of FCRA (Count IV); and

- Race discrimination in violation of 42 U.S.C. § 1981 (Count V)

[ECF No. 1-2].

Defendant removed the case to this Court in February 2025, invoking this Court's federal-question and supplemental jurisdiction [ECF No. 1]. In March 2025, Defendant moved to dismiss, arguing that (1) the Board of County Commissioners was an improperly named Defendant;[1] (2) the Complaint was a shotgun pleading; (3) Plaintiff did not exhaust his administrative remedies on the religious-discrimination Count III; (4) the race-discrimination count (Count V) was improperly filed under 42 U.S.C. § 1981 instead of 42 U.S.C. § 1983; and (5) Plaintiff failed to state a claim for relief in Counts I–IV [ECF No. 5].[2]

---

[1] Plaintiff incorrectly named Defendant Board of County Commissioners of Palm Beach County in the original complaint [ECF No. 1-2].

[2] Defendant also sought to strike Plaintiff's demands for punitive damages, prejudgment interest, and declaratory relief [ECF No. 5 pp. 14–16].

CASE NO. 25-80192-CIV-CANNON/McCabe

Instead of responding to Defendant's original Motion to Dismiss, Plaintiff filed the operative Amended Complaint [ECF No. 8].  The Amended Complaint contains the same five counts as the original Complaint, except Count V is now raised pursuant to 42 U.S.C. § 1983, not § 1981 [ECF No. 8].  Plaintiff also named the proper Defendant, Palm Beach County [ECF No. 8].

In April 2025, Defendant filed another Motion to Dismiss [ECF No. 12].  Defendant repeated many of the same arguments raised in its initial responsive motion, including that the Amended Complaint remains a conclusory shotgun pleading; fails to state a cause of action in all counts; warrants dismissal for lack of exhaustion on Count III; and is time-barred from bringing a § 1983 claim [ECF No. 12].  The Court referred the Motion to Magistrate Judge McCabe for a report and recommendation [ECF No. 13], which is ripe for consideration [ECF Nos. 16–18].

As noted, the Report recommends denial of the Motion to Dismiss as to Counts I, II, and III, and a grant of the Motion as to Counts IV and V, to be dismissed with prejudice given Plaintiff's "previous opportunity to amend his pleadings" [ECF No. 16].[3]  Plaintiff filed a 2-page "objection" to the Report, which "objects to dismissing his complaint regarding Counts 4 and 5 with prejudice without the ability to amend his complaint to attempt to satisfy the Court's findings to cure the deficiencies raised in the Report" [ECF No. 17 p. 2].  Plaintiff lodges no other objections to the Report [ECF No. 17].  Defendant responded with a timely Notice of Non-Objection without specifically responding to Plaintiff's objection/request to file a second amended complaint [ECF No. 18].

_____

[3] The Report also concludes that the Amended Complaint "does not violate the rule against shotgun pleadings" because it "alleges five separate counts, each under a separate legal theory, with separate supporting allegations against a single Defendant," as well as "provides Defendant with adequate notice of the claims against it and the grounds upon which each claim rests" [ECF No. 16 pp. 4–5].

## LEGAL STANDARDS

**Report and Recommendation**. To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).  To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record.  *Macort*, 208 F. App'x at 784.  Legal conclusions are reviewed de novo, even in the absence of an objection.  *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**Leave to amend**.  "Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when, as here, a party cannot amend its complaint as a matter of course under Rule 15(a)(1), it may 'amend its pleading only with the opposing party's written consent or the court's leave." *Swinford v. Santos*, 121 F.4th 179, 192 (11th Cir. 2024) (quoting Fed. R. Civ. P. 15(a)(2)).  "The court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile," *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004), or when a valid basis exists to deny amendment, *see Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  "Amendment would be futile when a proposed amended complaint would still be dismissed." *Swinford*, 121 F.4th at 192.

CASE NO. 25-80192-CIV-CANNON/McCabe

## DISCUSSION

To start, there is no disagreement over the Report's conclusion as to Counts I, II and III, warranting adoption of the well-reasoned Report on those counts [ECF No. 16 pp. 4–7, 11–12]. The only question in dispute is whether the Court should grant Plaintiff leave to amend his Amended Complaint for purposes of repleading Counts IV and V [ECF No. 17]. Plaintiff has already amended his original complaint as of right [ECF No. 8], a procedural fact relied upon by the Report in denying amendment of those claims [ECF No. 16 p. 12]. At this juncture, however, the Court cannot say that amendment would be futile if Plaintiff is given leave to amend Counts IV and V, or that a clear basis exists to deny leave to amend under the liberal repleading standard. *See Bryant*, 252 F.3d at 1163 ("A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."). For that reason, the Court will permit Plaintiff one **final** opportunity to file an amended pleading in this action. Plaintiff is cautioned that the forthcoming amended pleading will displace the current Amended Complaint and thus must still maintain Counts I, II, and III, assuming Plaintiff still wishes to proceed with those claims. *See Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) ("[A]n amended pleading supersedes the former pleading.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation [ECF No. 16] is **ACCEPTED IN PART** and **REJECTED IN PART**.

    a.  The Report is **accepted** insofar as it denies, without objection, Defendant's Motion to Dismiss [ECF No. 12] as to Counts I, II, and III.

CASE NO. 25-80192-CIV-CANNON/McCabe

    b.  The Report is **rejected** insofar as it grants Defendant's Motion [ECF No. 12] as to Counts IV and V and dismisses those claims with prejudice.

2.  Defendant's Motion [ECF No. 12] is **GRANTED IN PART** and **DENIED IN PART**.

    a.  Counts I, II, and III may proceed but must be included in the forthcoming amended pleading as indicated above.

    b.  Counts IV and V are **DISMISSED WITHOUT PREJUDICE** for Plaintiff to file a Second Amended Complaint on or before **June 27**, **2025**.  Failure to file a timely Second Amended Complaint will be treated as an abandonment of those counts, leading the Court to proceed only as to Counts I, II, and III.

    c.  Plaintiff is cautioned that the forthcoming Second Amended Complaint is Plaintiff's **final** opportunity to amend his complaint in this proceeding and must take into account all of the observations in the Report and Recommendation with respect to those claims.

**ORDERED** in Chambers at Fort Pierce, Florida this 11th day of June 2025.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record