**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 25-80192-CIV-CANNON/McCabe**

**SAEED AZAM**,

Plaintiff,

v.

**PALM BEACH COUNTY**,

Defendant.

_______________________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND SETTING ANSWER DEADLINE**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion to Dismiss") [ECF No. 22] and the Report and Recommendation (the "Report") on the Motion [ECF No. 27]. On August 5, 2025, following referral, Magistrate Judge Ryon M. McCabe issued a Report recommending that the Motion be granted in part and denied in part [ECF No. 27]. Both Plaintiff and Defendant filed timely objections to the Report (together, the "Objections") [ECF Nos. 28, 29]. The Court has reviewed the Motion and the associated Charge of Discrimination [ECF Nos. 22, 22-1], the Second Amended Complaint (the "SAC") [ECF No. 20], all of the briefing on the Motion to Dismiss [ECF Nos. 24, 26], the Report [ECF No. 27], and the Objections [ECF Nos. 28, 29]. Upon review, and for the reasons set forth below, the Report [ECF No. 27] is **ACCEPTED**; Defendant's Motion [ECF No. 22] is **GRANTED IN PART AND DENIED IN PART**; Counts I through IV of the SAC may proceed; Count V is dismissed with prejudice; and Defendant is directed to file an Answer in accordance with this Order.

**RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a "brown-skinned, Asian/race," Muslim man of Bangladeshi national origin [ECF No. 20 ¶¶ 12, 44, 76, 106, 140]. On or about January 2, 2023, Defendant hired Plaintiff as a firefighter trainee [ECF No. 20 ¶¶ 11, 13]. Plaintiff alleges that he suffered various forms of discrimination during his training, culminating in his termination on February 13, 2023, allegedly for failing a search-and-rescue task [ECF No. 20 ¶ 31]. Plaintiff further alleges that Defendant subjected him to this discrimination due to his race, color, national origin, and religion [ECF No. 20 ¶¶ 40, 72, 102].

The alleged discrimination described in the pleading includes: (1) Plaintiff being harassed and humiliated in front of other trainees by direct supervisors who yelled at and belittled Plaintiff [ECF No. 20 ¶ 16]; (2) Plaintiff's supervisor pulling, pushing, and removing Plaintiff from the group, requiring him to perform physical tasks such as push-ups or sit ups to prevent Plaintiff from receiving adequate training based on Plaintiff's race [ECF No. 20 ¶¶ 21, 54, 88, 113, 161]; (3) Plaintiff's supervisor making racially derogatory comments about Plaintiff, including "Brown people can't move that fast" [ECF No. 20 ¶¶ 17, 56].

Plaintiff alleges that other non-dark-skinned, non-Muslim recruits did not receive similar treatment [ECF No. 20 ¶¶ 22, 24]. Other trainees allegedly told Plaintiff that supervisors treated Plaintiff differently and that "it seemed that Captain Davis [(one of Plaintiff's superiors)] wanted to harm Plaintiff based on how hard Captain Davis was with Plaintiff" [ECF No. 20 ¶ 23] and that "it was obvious Captain Davis has something against Plaintiff" [ECF No. 20 ¶ 23]. Other trainees allegedly believed this was "based on [Plaintiff's] background" [ECF No. 20 ¶ 26].

On the basis of these allegations, Plaintiff filed this employment action in state court on January 14, 2025, alleging discrimination and a hostile workplace environment [ECF No. 1-2].

Defendant timely removed to this Court [ECF No. 1]. After Defendant filed an initial Motion to Dismiss [ECF No. 5], Plaintiff filed his first amended complaint (the "FAC") as a matter of right [ECF No. 8], after which Defendant filed a Motion to Dismiss the FAC [ECF No. 12]. The FAC included five Counts:

- **Count I:** Unlawful Discharge Based on Race and Color in Violation of the FCRA [ECF No. 8];
- **Count II:** Unlawful Discharge Based on National Origin in Violation of the FCRA [ECF No. 8];
- **Count III:** Unlawful Discharge Based on Religion in Violation of the FCRA [ECF No. 8];
- **Count IV:** Hostile Work Environment Based on Race, Color, National Origin, and Religion in Violation of the FCRA [ECF No. 8];
- **Count V:** Unlawful Discharge Based on Race in Violation of 42 U.S.C. § 1983 [ECF No. 8].

Following referral, Magistrate Judge McCabe issued a Report and Recommendation on Defendant's Motion to Dismiss the FAC (the "Report on the FAC") on May 16, 2025 [ECF No. 16]. The Report on the FAC rejected Defendant's effort to dismiss Counts I, II, and III, reasoning that those claims stated plausible claims for relief and that Plaintiff exhausted his administrative remedies [ECF No. 16 p. 12]. As to the hostile work environment and unlawful race discharge claims in Counts IV and V, however, the Report on the FAC recommended dismissal with prejudice [ECF No. 16 p. 12].

In June 2025, this Court accepted the Report on the FAC, with one change: The Court permitted Plaintiff one final chance to replead Counts IV and V while cautioning Plaintiff that any forthcoming amendment had to account for all of the observations in the Report on the FAC [ECF No. 19].

On June 26, 2025, Plaintiff filed the operative SAC. The SAC alleges the same Counts as those included in the FAC but now includes new factual allegations of physical and verbal abuse [ECF No. 20 ¶¶ 21, 54, 88, 113, 114–118, 154–158], intentionally withholding training from Plaintiff while training white, American, Christian employees for success (e.g., intentional lack of or refusal to train) [ECF No. 20 ¶¶ 114, 154], and allegations of a "widespread" custom of systematically terminating Asian, Black, and non-white employees based on training deficiencies allegedly caused by that discriminatory custom [ECF No. 20 ¶¶ 119, 120, 159, 160].

These newly added allegations give rise to the central dispute raised by Defendant's Motion: whether these allegations fall within the scope of the administrative charge (the "Charge") of discrimination Plaintiff previously filed with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). That determination is outcome-determinative as to whether the newly added allegations may be considered at all. *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004). If the newly added allegations are like or related to, or reasonably expected to grow out of, the Charge, they fall within the scope of Plaintiff's exhausted claims; if they do not, they are administratively barred. *Id.*

In July 2025, Defendant filed the instant Motion to Dismiss the SAC [ECF No. 22]. Defendant's principal argument, rooted in FCRA's statutory administrative exhaustion requirement, Fla. Stat. § 760.11, is that the new allegations in the SAC go materially beyond the scope of Plaintiff's EEOC Charge and hence cannot be considered for any of the claims in the SAC. Defendant contends that these allegations introduce new forms of misconduct, new factual theories, and broader patterns of discrimination that were not alleged in the Charge and therefore could not reasonably have been investigated by the EEOC [ECF No. 22 p. 5]. Stripped of those allegations, Defendants maintain that Counts IV (hostile work environment) and V race

discrimination pursuant to 42 U.S.C. § 1983) fail to state a claim [ECF No. 22 p. 6]. Defendants do not seek dismissal on the pleadings of Counts I, II, or III (as the Court permitted those claims to proceed), but Defendants do seek to strike the new allegations contained within those counts [ECF No. 26 p. 2 n.1].

Magistrate Judge McCabe issued the instant Report on Defendant's Motion to Dismiss on August 5, 2025 [ECF No. 27]. The Report recommends that the newly added allegations be treated as "like or related" to the original Charge because they merely "beef up" earlier allegations [ECF No. 27 p. 4]. The Report further concludes that, after reviewing the revised allegations of Count IV, those allegations are "sufficient to state a plausible claim for hostile work environment" [ECF No. 27 p. 6]. Finally, the Report determines that Count V (race discrimination pursuant to 42 U.S.C. § 1983) fails because it does not plead any of the three recognized bases for municipal liability under *Monell*—an official policy, a widespread custom, or a failure-to-train theory amounting to deliberate indifference [ECF No. 27 pp. 7–9].

The parties filed timely objections to the Report [ECF Nos. 28–29]. Plaintiff lodged a single, conclusory "objection" to the Report, without any analysis or legal authority [ECF No. 28]. Defendant, for its part, criticizes the Report for insufficiently addressing Defendant's arguments in connection with the Motion to Dismiss, including Defendant's position that the SAC adds allegations materially different from those in the Charge of Discrimination [ECF No. 29].

## LEGAL STANDARDS

### Standard of Review for Objections to Report and Recommendations

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendations to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th

Cir. 1989). A district court reviews *de novo* those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort v. Prem, Inc*., 208 F. App'x 781, 784 (11th Cir. 2006).

**Exhaustion of Administrative Remedies under FCRA and Title VII**

Because the Florida legislature patterned the FCRA after Title VII, courts follow Title VII case law when construing the FCRA. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (collecting cases for the proposition that Florida courts "have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII"). As a prerequisite to filing suit, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC within 365 days of the alleged violation, naming "the person responsible for the violation and describing the violation." Fla. Stat. § 760.11(1); *id.* ("The complaint shall contain a short and plain statement of the facts describing the violation and the relief sought."); *see Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir. 2000). The purpose of the exhaustion requirement is to "notify the employer of discriminatory practices" and to provide the Florida Commission on Human Rights (or here, the EEOC) with "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Sunbeam Television Corp. v. Mitzel*, 83 So. 3d 865, 874 (Fla. Dist. Ct. App. 2012).

"[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v.*

*Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also Gregory*, 355 F.3d at 1280. Under Eleventh Circuit precedent, allegations in a judicial complaint need not mirror the administrative charge word-for-word; courts will entertain allegations that are "reasonably related" to the charge and present "no material differences" from it. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). Allegations that merely "amplify, clarify, or more clearly focus" earlier allegations are permissible, but "allegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not." *Id*.

In determining whether newly added allegations are reasonably related to the charge, courts also consider whether the EEOC investigation would likely have uncovered the challenged conduct. *Gregory*, 355 F.3d at 1280 (finding that "the facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined with her complaints of race and sex discrimination.").

**DISCUSSION**

Upon review of the Report and the full record, including the Charge of Discrimination as compared to the new allegations in the SAC [ECF No. 22-1], the Court agrees with the Report, notwithstanding Defendant's objection, that Plaintiff's new allegations in the SAC are reasonably related to the Charge and therefore need not be excluded from the SAC pursuant to the doctrine of administrative exhaustion. It is true that the SAC adds various additional details regarding Plaintiff's claims of discrimination, including that Captain Davis physically pulled and pushed Plaintiff, assigned punitive physical exercises that prevented adequate training, and withheld training opportunities from Plaintiff while providing them to white trainees [ECF No. 20 ¶¶ 21, 54, 88, 113–120, 154–161]. But those allegations derive from the same factual narrative presented in the Charge, concern the same supervisors, the same training period, and recount similar

allegations of discriminatory treatment to that described in the Charge [ECF No. 22-1]. As such, the newly added allegations merely provide additional subsidiary details regarding the means and methods underlying the alleged harassment and discrimination rather than a distinct course or theory of discrimination. This is enough to satisfy the exhaustion parameters in applicable caselaw [ECF No. 22-1]. *See also Gregory*, 355 F.3d at 1280; *Wu*, 863 F.2d at 1547.

The Court further concludes that Plaintiff's alleged violations of Local Rule 7.1 and failure to respond to Defendant's exhaustion argument as to Count IV do not warrant dismissal or striking of claims/allegations, and that Plaintiff's objection to the dismissal of Count V is far too conclusory and generalized to warrant further consideration. Specifically, Defendant argues that (1) Plaintiff's failure to file an opposing memorandum of law warrants dismissal of Counts IV and V and striking the new allegations from Counts I–III [ECF No. 29 ¶ 3; ECF No. 26 pp. 3–8], and (2) that Plaintiff's failure to respond to Defendant's exhaustion argument as to Count IV constitutes abandonment [ECF No. 29 ¶ 4; ECF No. 26 pp. 7–8]. Neither omission mandates dismissal. Local Rule 7.1(c)(1) gives the Court discretion to grant a motion by default where a party fails to file an opposing memorandum, but it does not dictate that course of action. S.D. Fla. L.R. 7.1(c)(1). Similarly, while a party can be deemed to have abandoned an argument when it fails to sufficiently respond to an argument and/or to cite legal authority, that principle is subject to the reasonable exercise of discretion. Here, although it is true that Plaintiff's briefing is quite mediocre (or worse), there is enough in the Response regarding exhaustion to justify the exercise of discretion in favor of considering the exhaustion argument as to all claims in the SAC [*see* ECF No. 24 pp. 5–6]. Further, the Court declines to revisit the Report's substantive finding that Count IV plausibly states a hostile work environment claim because Defendant's Objection is limited to the procedural argument that the claim was abandoned through a lack of briefing [ECF No. 29 ¶¶ 3–4]. **Plaintiff**

**is cautioned to comply with all Local Rules in any further briefing in this case; failure to meaningfully address arguments as briefed may result in waiver and/or abandonment as deemed appropriate in the Court's discretion**.

Finally, turning to Plaintiff's "objection" to the dismissal-with-prejudice of the *Monell* theory of liability in Count V, the Court need say no more because Plaintiff's "objection" is not an "objection" [ECF No. 28]. The sum total of Plaintiff's "objection" is this: "Plaintiff objects to the dismissal with prejudice of Count 5 under 42 USC Section 1983, the claim based on the fact that the allegations taken as true are sufficient to put Defendant on notice of the claim. See Count 5 in the Second Amended Complaint" [ECF No. 28]. No part of this bare sentence "clearly advise[s] the district court and pinpoint[s] the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). Accordingly, the Court declines to address this improper objection and finds no clear error in the Report's determination to dismiss Count V with prejudice based on the procedural history of this case. *See Macort*, 208 F. App'x at 784 (11th Cir. 2006).[1]

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [ECF No. 27] is **ACCEPTED**.

[1] The procedural history of this case makes clear that no further amendment of Plaintiff's claims is warranted. Plaintiff filed his initial complaint in state court in January 2025 [ECF No. 1-2]. Defendant moved to dismiss that initial pleading, raising various substantive arguments analogous to the arguments briefed throughout this case [ECF No. 5]. After that, Plaintiff filed a FAC [ECF No. 8], Defendant moved to dismiss again with another substantive motion [ECF No. 12], and the Court granted Defendant's motion to dismiss in part and gave Plaintiff one "final opportunity" to replead [ECF No. 19 p. 6]. The SAC represented Plaintiff's final opportunity to replead and justice does not require further amendment. Fed. R. Civ. P. 15(a).

2. Plaintiff's Objection [ECF No. 28] is **OVERRULED**.

3. Defendant's Objections [ECF No. 29] are **OVERRULED.**

4. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 22] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. The Motion is **DENIED** as to Counts I, II, III, and IV, all of which may proceed.

   b. The Motion is **GRANTED** as to Count V, which is **DISMISSED WITH PREJUDICE**.

5. On or before **September 8, 2026,** Defendant shall file an Answer to Counts I, II, III, and IV in Plaintiff's Second Amended Complaint.

**ORDERED** in Chambers at Fort Pierce, Florida, this 18th day of August 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record